# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

SUSAN HERNANDEZ,

    Plaintiff,

  v.                                                                          Civ. No. 17-655 JCH/GJF

UNITED STATES OF AMERICA,

    Defendant.

## SECOND AMENDED ORDER SETTING SETTLEMENT CONFERENCE

To facilitate a final disposition of this case, a mandatory settlement conference will be conducted in accordance with Federal Rule of Civil Procedure 16(a)(5).

**IT IS ORDERED that all parties and their lead trial counsel shall appear before me at the United States Courthouse, 100 N. Church Street, Las Cruces, New Mexico, in the Dona Ana Courtroom, on October 18, 2018, at 10:00 a.m.** An insured party or an uninsured corporate party shall appear by a representative **with full and final authority** to discuss and enter into a binding settlement. This requirement cannot be satisfied by sending a local representative if the appropriate representative resides in another state. Nor can it be satisfied by sending a corporate representative who must still seek final authority from other corporate personnel not physically present at the conference. *See* D.N.M.LR-Civ. 16.2(c). A party's personal appearance is intended to increase the efficiency and effectiveness of the settlement conference by reducing the time for communication of offers and expanding the ability to explore options for settlement. A party's request to be excused must be made in writing **five (5) calendar days** before the conference. *See* D.N.M.LR-Civ. 16.2(d).

**At least seven (7) calendar days** before the conference, plaintiff's counsel shall provide me copies of demand letters exchanged between the parties. In addition, each party must provide

me, in confidence, a letter (typically no more than seven (7) pages) containing a brief summary of the facts; analysis of the applicable law, including evidentiary issues; strengths and weaknesses of the case; status of discovery; identification of pending motions; an itemization of damages or relief requested; status of settlement negotiations to date; and the names of those who will attend the conference and in what capacity.  This confidential letter must not be a mere restatement of the letter served on opposing counsel.  All matters communicated to me in the confidential letter will be kept confidential, and will not be disclosed to any other party, or to the trial judge.  Once I read the letters provided, I likely will have *ex parte* pre-settlement telephone conferences with counsel to obtain additional information to assist my efforts to facilitate settlement.

Furthermore, if any party has any video or audio recordings of the incident upon which this action is based, that party must send me a copy of the recording at least **seven (7) calendar days** before the conference.  Parties should also consider sending me copies of any other materials that can enhance my preparation, including photographic or documentary evidence, discovery responses, or deposition excerpts.  The parties shall submit these letters and other materials to me, preferably by e-mail, (gfproposedtext@nmcourt.fed.us), or by mail, as long as the materials arrive in my chambers by the above deadline.  It is not necessary to send an original if a document is sent by e-mail.

At the settlement conference, counsel should be prepared to discuss the factual and legal highlights of their cases.  Separate confidential caucuses will be held with each party and the party's representative.[1]  Attached is an outline for counsel to review with their clients before the settlement conference to make the best use of the time allotted.

---

[1] Should a party require language translation or interpreting services, such services must be provided by the party and/or counsel at their expense.  Such services are not provided by the Court in civil cases.

In the days immediately preceding the settlement conference, if any party believes for any reason that negotiation attempts would not be fruitful at the time set for the conference (for example, insufficient discovery or a need to wait on the resolution of a dispositive motion), the parties should contact my chambers to schedule a status conference to discuss the concern.

In summary, all letters and other materials are due to the Court by no later than **October 11, 2018.**

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

# SETTLEMENT CONFERENCE PREPARATION

In negotiations, the party that is best prepared usually obtains the best result. Because settlement conferences can be more efficient and productive if all parties and counsel are prepared, the following are some areas to consider to aid in the effectiveness of this settlement conference.

A. FORMAT

   1. Parties with ultimate settlement authority **must** be personally present.

   2. The Court will use a mediation format and private caucusing with each side. The judge may address your client directly.

B. ISSUES

   1. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue? What is your most persuasive argument?

   2. What remedies are available resulting from this litigation or otherwise?

   3. Is there any ancillary litigation pending/planned which affects case value?

   4. Do you have enough information to value the case? If not, how are you going to get more information before the conference?

   5. Do attorney's fees or other expenses affect settlement? Have you communicated this to the other side?

C. AUTHORITY

   1. Are there outstanding liens? Have you verified amounts and whether they are negotiable? Do you need to include a representative of the lien holder? If so, contact the Court immediately.

   2. Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects settlement value, have you notified the other side? Do you need to include the representative from more than one company/carrier? If so, notify the Court immediately.

D. NEGOTIATIONS

1. Where have your last discussions ended?

2. Can you have any discussions before the settlement conference to make it proceed more efficiently?

3. What value do you want to start with? Why? Have you discussed this with your client?

4. What value do you want to end with? Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at other times?

5. Is there confidential information which affects case value? Why shouldn't it be disclosed? How can the other side be persuaded to change value if that party doesn't have this information?

6. What happens if you don't settle the case at the conference? What is your best alternative to a negotiated settlement? Why?

E. CLOSING

1. Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, and Rule 68 offers to compromise?

2. How soon could checks/closing documents be received?

3. If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions? Do you want Court involvement in these talks?

4. If settlement is not reached, please be prepared to discuss it again at the Final Pretrial Conference.